**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Sharon Marie Clark,<br><br>Defendant. | No. CR-16-01397-001-PHX-DJH<br><br>**ORDER** |

Defendant, Sharon Marie Clark, filed two *pro se* Motions, a Motion for a Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), and a Motion seeking counsel to aid in that Motion. (Docs. 129 and 132). For the forgoing reasons, the Court denies both Motions.

**I.     Background**

On September 5, 2017, Defendant, Sharon Marie Clark, entered a guilty plea to Count Four of an Indictment which charged her with Second Degree Murder and Aid and Abet in violation of Title 18 U.S.C. §§ 1153, 1111 and 2.  In her plea agreement, The Defendant admitted that she and her co-defendant, picked up the female victim and brought her to the Defendant's apartment where they put duct tape over her mouth restricting her breathing.  (Doc. 126).  The victim's body was retrieved from a canal and found with ligature marks on her wrists and ankles and multiple lacerations to her abdomen and lower leg. (*Id*.)  The Defendant admitted that she and her co-defendant rolled the victim up in plastic and drove her body to the canal in which the co-defendant dumped her body.  (*Id*.) On January 24, 2018, this Court sentenced the Defendant to twenty-five years in federal

custody to be followed by five-years on supervised release. (Doc. 127).

The Defendant has now filed a fill-in form Motion for Compassionate Release in which she states the she is "61 years old" and "I have been diagnosed with a terminal illness; " I have a serious physical or medical condition, a serious functional or cognitive impairment or deteriorating physical or mental health because of the aging process that substantially diminishes my ability to provide self-car within the environment of a correctional facility and I am not expected to recover from this condition" and she lists the following additional conditions: "1. Morbid obease (sic); 2. COPD, bound to a wheelchair; 3. Being of demenisa (sic); 4. OCD; 5. Bipolar skitzofratic (sic);[1] 7. Mordibly obease (sic); 8. Ashma." Regarding questions related to a "Proposed Release Plan" and "Additional medical information" she checked the "No" boxes.[2] Thus, she provides no medical records to explain her listed medical conditions.

## II.   Law and Analysis

### a.   Exhaustion of Administrative Remedies

This Court "may not modify a term of imprisonment" unless the Congressionally mandated exception is present. 18 U.S.C. § 3582(c). That exception is present when either the motion to modify sentence is brought by the Bureau of Prisons ("BOP") "or upon motion of the defendant *after* the defendant has *fully exhausted all* administrative rights to appeal[.]" 18 U.S.C. § 3582(c)(1)(A) (emphasis added). The statutory language is unambiguous and not waivable. *See United States v. Weidenhamer*, 2020 WL 1929200 *2 (D. Ariz. Apr. 21, 2020) ("If the statutory language contains mandatory language . . . a court may not excuse a failure to exhaust") (citing *Ross v. Blake,* 136 S. Ct. 1850, 1858 n.2 (2016)). Thus, the statute prohibits this Court from acting without a showing by Defendant that she has exhausted her available BOP administrative remedies.

In her Motion, Defendant checked the box which states "No, I did not submit a

---

[1] Defendant omits number 6.
[2] Defendant also alleges a possible conflict of interest between the Court and the victim in her case. Every court has an obligation to determine, at the outset, whether a conflict of interest exists before assuming jurisdiction to preside over a case. This Court did so and found no conflict of interest. Thus, the Court will disregard the Defendant's unsupported allegations.

request for compassionate release to the warden." She then wrote "He denies all of them." As stated above, to address the merits of her compassionate release complaint, the Court must be satisfied that it has jurisdiction to do so. That is, that she has exhausted her administrative remedies. The Court finds that she has not done so. Furthermore, her Motion does not provide sufficient information to explain what the extraordinary and compelling reasons are which make her eligible for compassionate release.

### b. Extraordinary and Compelling Reasons

The First Step Act cross-references the sentencing commission's policy statement for considering what is an extraordinary and compelling reason. Sentencing guideline section 1B1.13 n. 1 defines "extraordinary and compelling reasons" for compassionate release to include: "The defendant is suffering from a terminal illness (i.e., serious advanced illness with an end of life trajectory)[;] . . . a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the . . . correctional facility[;] and . . . [a] defendant who is at least 65 years old . . . ." U.S.S.G. § 1B1.13 cmt. 1(A)-(B). The Court need not defer to the BOP but may consider "other reasons" in determining eligibility for release. *See United States v. Carter* 2020 WL 3458598, at *4 n.3, n.4 (D. Ariz. June 25, 2020) (citations omitted). Defendant has not met her burden to show that she warrants such consideration.

The Defendant states that she is 61 years of age, and "I have been diagnosed with a terminal illness" but she does not say what that illness is. She further states that she is morbidly obese, is wheelchair bound, has dementia and asthma and is bi-polar and schizophrenic. However, she does not provide medical records or supportive documents that describe the extent to which each of these conditions, singularly or in combination, "diminishes the ability of the defendant to provide self-care" in the detention facility. Simply listing medical conditions is insufficient to meet her burden. Consequently, the Court cannot make a reasoned determination on her incomplete Motion for Compassionate Release. Finally, the Defendant does not acknowledge that the Court must also consider whether the sentencing factors listed in 18 U.S.C. § 3553(a) support her request for early

release. Thus, her Motion is substantially lacking.

Accordingly,

**IT IS ORDERED** denying the Defendant's Motion for Appointment of Counsel (Doc 129) and denying her Motion for Compassionate Release (Doc.130) without prejudice.

Dated this 2nd day of May, 2022.

Honorable Diane J. Humetewa
United States District Judge